UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:17-CV-23216-JEM/WCT

MAURICE SYMONETTE, KURT MARIN,

    Plaintiffs,

v.

HSBC BANK US, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE HOLDERS OF NOMURA
HOME EQUITY LOAN INC., HOME EQUITY LOAN
TRUST SERIES 2007-1, ALBERTELLI LAW,
and ASHLEIGH C. MCKENZIE, ESQ.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the court upon Plaintiffs' application to proceed *in forma pauperis*, and on a *sua sponte* review of Plaintiffs' *pro se* Complaint, both filed on August 24, 2017. (ECF No. 1, 3). The Motion was referred by the Honorable Jose E. Martinez, United States Senior District Judge for the Southern District of Florida (ECF No. 4), and was reassigned to the undersigned upon recusal. (ECF No. 6). The undersigned has considered the record, the applicable law, and is otherwise duly advised in the premises.

### Background

On August 24, 2017, Plaintiffs Symonette and Marin, proceeding *pro se*, brought this action seeking damages and injunctive relief from Defendants HSBC Bank U.S., N.A. (HSBC), Albertelli Law Firm, and attorney Ashleigh C. McKenzie, Esq., arising from the alleged wrongful foreclosure of the real property located at 10290 SW 58th Street, Miami, Florida, 33173. The Complaint

purported to state causes of action for wrongful foreclosure, a bankruptcy stay violation, and the destruction of pertinent files by a court clerk. (ECF No. 1). Plaintiffs also sought the issuance of an order to show cause, restitution, attorney's fees and costs, and any other further just relief. Id.

## Legal Standard

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize a *pro se* plaintiff to proceed *in forma pauperis* upon first determining the threshold issue of economic eligibility. 28 U.S.C. § 1915(a)(1). Once the plaintiff's economic eligibility is established, the Court is required to determine, *inter alia*, whether the complaint is frivolous or malicious, and/or fails to state a claim, and, therefore, is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(I-ii). Such a determination by the court necessitates dismissal, even if a plaintiff proves indigency. Id.

The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915. The court shall dismiss a case if (1) the allegation of poverty is untrue; or (2) the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous when "the case is one without arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Sun v. Forrester, 939 F. 2d 924, 925 (11th Cir. 1991). The Eleventh Circuit also has explained that a case is frivolous "if the factual allegations are 'clearly baseless' or if it is based on an 'indisputably meritless' legal theory." See Jackson v. Farmers Ins. Group/Fire Ins. Exch. 391 Fed. Appx. 854, 856 (11th Cir. 2010) (citing Carroll v. Gross, 984 F. 2d 392, 393 (11th Cir. 1993)).

## Discussion

Plaintiff Maurice Symonette, one of two *pro se* plaintiffs in this case, filed an application to proceed *in forma pauperis* under penalty of perjury. (ECF No. 3). Based upon the information

provided, the Court cannot make a determination as to whether the two plaintiffs are unable to pay the filing fee in this case. The application was only submitted and signed by Plaintiff Symonette. Moreover, it appears that Plaintiff Symonette is living off of no income.

The Court would recommend that Plaintiffs be allowed to refile the application with additional information for each Plaintiff, but in performing the screening function under § 1915(e)(2)(B), the undersigned recommends that the complaint be dismissed.

Courts must give greater leeway to *pro se* plaintiffs in reviewing their complaints and hold them to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972). Notwithstanding, they are still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, Plaintiffs here are no strangers to litigation. In fact, they have a long history of filing similar unsuccessful causes of action in federal court against banks and mortgage lenders.

Plaintiffs have filed an incoherent 18-page Complaint. Not only is there a lack of proper punctuation, but there are entire passages that are nonsensical and/or contain extraneous material. For example, the complaint includes passages of opinions from outside jurisdictions and a rambling series of allegations against parties not named in the suit. Moreover, in setting forth their claims, Plaintiffs referenced various exhibits that were not attached to the complaint and are not part of the record.

The complaint attempts to bring state actions in federal court and requests review of bankruptcy actions. Plaintiffs seek the entry of an order from this Court reversing state court orders that resulted in the 2008 foreclosure of Plaintiff Marin's property. The Court is barred from doing

so under the Rooker-Feldman doctrine that precludes federal district courts from exercising appellate jurisdiction over final state court judgments. See Symonette v. Aurora Loan Servs., LLC, 631 Fed. App'x 776, 778 (11 Cir. 2015) (explaining that it is plainly not allowed for the district court to review state court claims). Further, the Court cannot discern any federal cause of action on the face of the Complaint.

Accordingly, it is hereby **RECOMMENDED** that Plaintiffs' Complaint (ECF No. 1) be **DISMISSED**, and that Plaintiffs' Motion to Proceed *In Forma Pauperis* (ECF No. 3) be **DENIED**.

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on this ___ day of February 2018.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**